# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

**THIS SETTLEMENT AGREEMENT AND RELEASE** ("*Settlement Agreement*" or "*Agreement*") is entered into by and between plaintiffs Rose Marcotrigiano, Aviva Kellman, Julie Hedges, Dreama Hembree, Candace Hiddlestone, Ethel Lung, Shane Michael, Jonathan D. Rubin, and Stavroula Da Silva, individually, and in their representative capacities on behalf of all others similarly situated ("*Plaintiffs*"), on the one hand, and defendant The Honest Company, Inc. ("*Honest*" or "*Defendant*"), on the other (collectively referred to as the "*Parties*" or singularly "*Party*").

### RECITALS

**A.**     Honest is a defendant in four putative class actions: [1] *Michael v. The Honest Company, Inc.*, C.D. Cal. Case No. 15-cv-07059 (filed Sept. 7, 2015) (consolidated with *Rubin v. The Honest Company, Inc.*, C.D. Cal. Case No. 15-cv-09091, originally N.D. Cal. Case No. 15-cv-04036 (filed Sept. 3, 2015)); [2] *Buonasera v. The Honest Company, Inc.*, S.D.N.Y. Case No. 16-cv-01125 (filed Feb. 12, 2016); [3] *Kellman v. The Honest Company, Inc.*, Cal. Super. Ct., Alameda Cty. Case No. RG16813421 (filed Apr. 27, 2016); and [4] *Hiddlestone v. The Honest Company, Inc.*, C.D. Cal. Case No. 16-cv-07054 (Sept. 20, 2016) (collectively the "*Actions*" or singularly "*Action*").

**B.**     All four Actions allege that Honest engaged in unfair and deceptive business practices related to the advertising, marketing, and labeling of certain of its products.   The plaintiffs in the *Michael* and *Hiddlestone* actions seek to certify a putative class of nationwide purchasers of certain Honest products.   The plaintiff in the *Buonasera* action seeks to certify a putative class of New York based purchasers of certain Honest products.   The plaintiff in the *Kellman* action seeks to certify a putative class of California based purchasers of certain Honest products.   The *Kellman* action is limited to persons who made purchases through Honest.com. The *Buonasera* action is limited to persons who made purchases at retail locations.

**C.**     Plaintiffs and their counsel believe that the claims asserted in the Actions have merit.   Honest has denied and continues to deny any and all allegations of wrongdoing alleged in the Actions and believes the claims asserted by Plaintiffs are without merit.   Nonetheless, the Parties have concluded that litigation could be protracted and expensive and that it is desirable the Actions be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement to limit further expense, inconvenience, and uncertainty.   The Parties also have considered the uncertainties of trial and the benefits to be obtained under the proposed Settlement and have considered the costs, risks, and delays associated with the prosecution of this complex and time-consuming litigation and the likely appeals of any rulings in favor of either Plaintiffs or Honest.

**D.**     It is now the intention of the Parties and the objective of this Settlement Agreement to avoid the costs of litigation and trial and settle and dispose of, fully and completely and forever, any and all claims and causes of action in the Actions.

**AGREEMENT**

**NOW, THEREFORE**, in consideration of the covenants and agreements set forth herein, Plaintiffs, the Class (as defined below) and Honest, agree to Settlement of the Actions, subject to Court approval, under the following terms and conditions.

1.      **DEFINITIONS.** In addition to the definitions included in the Recitals above, and in later sections of the Agreement, the following shall be defined terms for purposes of this Settlement Agreement. Some of the definitions in this section use terms that are defined later in the section. All defined terms are capitalized and listed in alphabetical order:

      **1.1**      As used herein, the term *"Actions"* means the lawsuits instituted by Plaintiffs against Honest: [1] *Michael v. The Honest Company, Inc.*, C.D. Cal. Case No. 15-cv-07059 (filed Sept. 7, 2015) (consolidated with *Rubin v. The Honest Company, Inc.*, C.D. Cal. Case No. 15-cv-09091, originally N.D. Cal. Case No. 15-cv-04036 (filed Sept. 3, 2015)); [2] *Buonasera v. The Honest Company, Inc.*, S.D.N.Y. Case No. 16-cv-01125 (filed Feb. 12, 2016); [3] *Kellman v. The Honest Company, Inc.*, Cal. Super. Ct., Alameda Cty. Case No. RG16813421 (filed Apr. 27, 2016); and [4] *Hiddlestone v. The Honest Company, Inc.*, C.D. Cal. Case No. 16-cv-07054 (Sept. 20, 2016). *"Action"* refers to one of the included Actions.

      **1.2**      As used herein, the term *"Authorized Claimant"* means any Settlement Class Member who timely submits a complete and sufficient Claim Form according to the terms of this Settlement Agreement and does not validly request exclusion from the Class.

      **1.3**      As used herein, the term *"Claim"* means a request made by a Settlement Class Member to receive a Settlement award pursuant to the procedures stated in Section 5.

      **1.4**      As used herein, the term *"Claim Form"* means the form a Settlement Class Member must complete and submit to receive an award under this Agreement, as approved by Co-Lead Settlement Class Counsel, Honest's Counsel, and the Court. The Claim Form must be substantially similar to the form attached as **Exhibit G.**

      **1.5**      As used herein, the term *"Claimant"* means any Settlement Class Member who submits a Claim under this Agreement.

      **1.6**      As used herein, the term *"Claims Administrator"* means Angeion Group and any successors to that entity, designated by Co-Lead Settlement Class Counsel (with approval from Honest, whose approval shall not be unreasonably withheld) to administer the notice, Claims, and Settlement relief distribution process provided for in the Settlement Agreement. The Claims Administrator will be required to abide by and shall administer the Settlement in accordance with the terms, conditions, and obligations of this Agreement and the Orders issued by the Court in this Action.

      **1.7**      As used herein, the term *"Claims Administrator Costs"* means any and all costs incurred by the Claims Administrator, including the cost of providing notice to the Class and to relevant governmental officials pursuant to the Class Action Fairness Act, and of otherwise administering the Settlement.

**1.8**    As used herein, the terms *"Class"* and *"Class Members"* mean all persons in the United States who, between January 17, 2012 and the date the Court enters the Preliminary Approval Order, purchased any of the Products.  Excluded from the Class are companies that purchased the Products at wholesale for resale, Defendant's Counsel, Defendant's officers and directors, and the judges presiding over the Actions.

**1.9**    As used herein, the term *"Class Period"* means January 17, 2012 through the date the Court enters the Preliminary Approval Order.

**1.10**    As used herein, the term *"Class Released Claims"* means all manner of actions, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known claims or Unknown Claims, in law or equity, fixed or contingent, which Class Members have or may have arising out of or relating to any of the acts, omissions or other conduct that have or could have been alleged in the Actions regarding the Products, including, but not limited to, any and all acts, omissions, or other conduct, asserting claims regarding the advertising, marketing, labeling, packaging, promotion, or sale of the Products (including advertising or marketing claims regarding the Products' constituent ingredients) arising before Preliminary Approval, with the exception of [i] claims due to the alleged advertising of Honest's laundry detergent, dish soap, and multi-surface cleaner as being "free" of sodium lauryl sulfate (*see, e.g., In re The Honest Company, Inc., Sodium Lauryl Sulfate (SLS) Mktg. & Sales Practices Litig.*, C.D. Cal. Case No. 16-ML-02719), and [ii] claims for personal injury.

**1.11**    As used herein, the term *"Class Releasors"* means Settlement Class Members and each of their respective heirs, executors, administrators, representatives, agents, attorneys, partners, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, and legatees and personal representatives, and anyone claiming through or on behalf of any of them or that they are claiming on behalf of.

**1.12**    As used herein, the terms *"Co-Lead Settlement Plaintiffs' Counsel"* and *"Co-Lead Settlement Class Counsel"* mean Nicholas A. Carlin (Phillips, Erlewine, Given & Carlin LLP), Robert K. Shelquist (Lockridge Grindal Nauen PLLP), Kim Richman (The Richman Law Group), Yvette Golan (The Golan Firm), Beth Terrell (Terrell Marshall Law Group PLLC), and Todd Garber (Finkelstein Blankinship Frei-Pearson & Garber LLP).

**1.13**    As used herein, the term *"Court"* means the United States District Court for the Southern District of New York.

**1.14**    As used herein, the term *"Defendant"* means The Honest Company, Inc.

**1.15**    As used herein, the terms *"Defendant's Counsel"* and *"Honest's Counsel"* means the law firm of Cooley LLP.

**1.16**    As used herein, the term *"Email Notice"* means the legal notice summarizing the proposed Settlement terms and containing a hyperlink to the Claim Form, as approved by Co-Lead Settlement Class Counsel, Honest's Counsel, and the Court, to be provided to Class

Members under Section 4 of this Settlement via electronic mail. The Email Notice must be substantially similar to the form attached as **Exhibit C**.

**1.17**    As used herein, the term "*Fairness Hearing*" means the hearing(s) to be held by the Court to consider and determine whether the proposed Settlement of this Action as contained in this Settlement Agreement should be approved as fair, reasonable, and adequate, and whether the Final Approval Order and Judgment approving the Settlement contained in this Settlement Agreement should be entered.

**1.18**    As used herein, the terms "*Final Approval Order*" and "*Order Granting Final Approval of Class Settlement*" mean the Court order granting final approval of the Settlement of this Action following the Fairness Hearing. The proposed order submitted to the Court prior to the Fairness Hearing must be substantially similar to the form attached as **Exhibit H**.

**1.19**    As used herein, the term "*Final Settlement Date*" means two Court days after the Final Approval Order and Judgment become "final." For the purposes of this paragraph, "final" means after (a) thirty-one (31) calendar days after the entry of the Final Approval Order and Judgment, if no timely motions for reconsideration and/or no appeals or other efforts to obtain review have been filed; or (b) in the event that an appeal or other effort to obtain review has been initiated, the date after any and all such appeals or other review(s) have been finally concluded in favor of the Final Approval Order and Judgment, any mandates have been returned to the Court, and the Final Approval Order and Judgment are no longer subject to review, whether by appeal, petitions for rehearing, petitions for rehearing en banc, petitions for certiorari, or otherwise.

**1.20**    As used herein, the term "*Initial Payments*" means (1) any and all costs of the Claims Administrator incurred pursuant to this Agreement, (2) any attorneys' fees and costs awarded by the Court, and (3) any payment to Named Plaintiffs awarded by the Court.

**1.21**    As used herein, the terms "*Judgment*" and "*Final Judgment*" mean a document labeled by the Court as such and that has the effect of a judgment under Fed. R. Civ. P. 54. The Parties will meet and confer on the form of the Judgment, which shall be consistent with this Settlement, to be submitted to the Court.

**1.22**    As used herein, the term "*Long-Form Notice*" means the full legal notice of the proposed Settlement terms, as approved by Co-Lead Settlement Class Counsel, Honest's Counsel, and the Court, to be provided to Class Members under Section 4 of this Settlement. The Long-Form Notice must be substantially similar to the form attached as **Exhibit B**.

**1.23**    As used herein, the term "*Maximum Settlement Amount*" means seven million, three hundred fifty thousand dollars ($7,350,000). No interest shall be paid on the Maximum Settlement Amount. The Maximum Settlement Amount is intended to cover any and all relief provided to Class Members in the form of Settlement Payments or Credits, any and all costs of the Claims Administrator incurred pursuant to this Agreement, any attorneys' fees and costs awarded by the Court, and any payment to Named Plaintiffs awarded by the Court.

**1.24**    As used herein, the term "*Named Plaintiffs*" means Rose Marcotrigiano, Aviva Kellman, Julie Hedges, Dreama Hembree, Candace Hiddlestone, Ethel Lung, Shane Michael, Jonathan D. Rubin, and Stavroula Da Silva in their individual capacity only.

**1.25**   As used herein, the term *"Net Settlement Amount"* means the Maximum Settlement Amount after the Initial Payments have been subtracted.

**1.26**   As used herein, the term *"Online Media Notice Plan"* means a legal notice directing Class Members to the Settlement Website, as approved by Co-Lead Settlement Class Counsel, Honest's Counsel, and the Court, to be provided to Class Members under Section 4 of this Settlement Agreement via third party paid advertisements and searches on the Internet. The Online Media Notice Plan must be substantially similar to the proposal attached as **Exhibit F.**

**1.27**   As used herein, the terms *"Plaintiffs' Counsel"* and *"Class Counsel"* mean the law firms of Phillips, Erlewine & Given LLP, The Law Offices of Leonard Simon, Lockridge Grindal Nauen PLLP, Law Offices of Jon W. Borderud, Cuneo Gilbert & LaDuca, LLP, Hudson Mallaney Shindler & Anderson, The Richman Law Group, Finkelstein Blankinship Frei-Pearson & Garber LLP, the Terrell Marshall Law Group, and The Golan Firm.

**1.28**   As used herein, the terms *"Preliminary Approval Order"* or *"Preliminary Approval and Provisional Class Certification Order"* mean the order provisionally certifying the Class for settlement purposes only, approving and directing notice, and setting the Fairness Hearing. The proposed order regarding preliminary approval of the Settlement submitted to the Court must be substantially similar to the form attached as **Exhibit A.**

**1.29**   As used herein, the terms *"Products"* or singularly *"Product"* means those products identified in **Exhibit I** to this Agreement.

**1.30**   As used herein, the term *"Proof of Purchase"* means a receipt or other documentation reasonably establishing the fact, date of purchase, and the price paid for an Honest Product.

**1.31**   As used herein, the term *"Publication Notice"* means the legal notice summarizing the proposed Settlement terms, as approved by Co-Lead Settlement Class Counsel, Honest's Counsel, and the Court, to be provided to Class Members under Section 4 of this Settlement via print publication. The Publication Notice must be substantially similar to the form attached as **Exhibit E.**

**1.32**   As used herein, the term *"Released Parties"* means The Honest Company, Inc. and each of its direct or indirect parents, wholly or majority-owned subsidiaries, affiliated and related entities, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, administrators, partners, privities, suppliers or manufacturers of the Products, and any of their present and former directors, officers, shareholders, founders, investors, owners, employees, agents, representatives, attorneys, accountants, insurers, and all persons acting by, through, under or in concert with it, or any of them, as of the date of the Preliminary Approval Order.

**1.33**   As used herein, the term *"Response Deadline"* means the deadline by which Class Members must deliver Claim Forms, requests for exclusion, or objections. The Response Deadline shall be one hundred and five (105) calendar days after entry of the Preliminary Approval Order.

**1.34**    As used herein, the term "*Settlement*" means the Settlement of the Actions and related claims effectuated by this Settlement Agreement.

**1.35**    As used herein, the terms "*Settlement Credit*" or "*Credit*" mean an electronic code redeemable for its face-value at Honest.com (no minimum purchase required).    The Settlement Credits shall be subject to the following conditions: (a) to use the Credit, the Authorized Claimant must already have or must create an Honest.com account; (b) Credits will be available to upload at Honest.com for nine (9) months after transmission, but once applied by the Authorized Claimant to his or her Honest account the Credits will not expire; (c) Credits can only be loaded into an Honest.com account once, but once loaded can be applied to multiple purchases if sufficient funds are available; (d) Credits are not redeemable for gift cards or cash, including no cash back; (e) Credits will not be valid for prior purchases; and (f) Credits will not be replaced if lost, stolen, expired, or damaged.

**1.36**    As used herein, the terms "*Settlement Class Member*" or "*Settlement Class Members*" mean a Class Member or Class Members who has/have not validly excluded himself, herself, or themselves from the Settlement.

**1.37**    As used herein, the term "*Settlement Payment*" means a one-time cash payment to those Authorized Claimants that elect Settlement relief in the form of U.S. dollars.    No interest shall be paid on the Settlement Payment.

**1.38**    As used herein, the term "*Settlement Website*" means the website that shall be created for settlement administration purposes and administered by the Claims Administrator.

**1.39**    As used herein, the term "*Unknown Claims*" means with respect to the Class Released Claims only, Settlement Class Members on behalf of Class Releasors expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

As part of this Agreement, Settlement Class Members on behalf of Class Releasors state that they fully understand that the facts on which the Settlement Agreement is to be executed may be different from the facts now believed by Plaintiffs, Settlement Class Members, and the Class Counsel to be true and expressly accept and assume the risk of this possible difference in facts and agree that the Settlement Agreement will remain effective despite any difference in facts. Further, Settlement Class Members on behalf of Class Releasors agree that this waiver is an essential and material term of this release and the settlement that underlies it and that without such waiver the settlement would not have been accepted Honest.

**1.40**    As used herein, the term "*U.S. Mail Notice*" means the legal notice summarizing the proposed Settlement terms, as approved by Co-Lead Settlement Class Counsel, Honest's

Counsel, and the Court, to be provided to Class Members under Section 4 of this Settlement Agreement via regular U.S. postal mail.  The U.S. Mail Notice must be substantially similar to the form attached as **Exhibit D.**

2.    **SETTLEMENT CONSIDERATION AND BENEFITS.**

    **2.1    Change in Business Practices.**    Honest agrees to implement the following regarding its labeling practices for the Products.

        **(a)**    Honest will not place on labels for the Products statements that the Products are "all natural" or "100% natural."  Honest agrees to implement the terms of this subparagraph on or before three (3) months after the Final Settlement Date.

        **(b)**    Honest will not place on labels for the Products the phrase "no harsh chemicals, ever!" if the Products contain Methylisothiazolinone or Cocamidopropylamine oxide in an amount that is more than incidental.  The term "incidental" shall have the same meaning as is provided in 21 C.F.R. § 701.3(1).    Honest agrees to implement the terms of this subparagraph on or before twelve (12) months after the Final Settlement Date.

        **(c)**    To the extent the labels describe the finished Product as "natural," "naturally derived," "plant-based" and/or "plant-derived" Honest will:

            **(i)**    Define the term(s) on its website.

            **(ii)**    For the Product(s) using the term(s), space permitting and where appropriate, provide the URL to the Company's website.

            **(iii)**    Define the term(s) either: (A) in reference to the Product's bio-content as meeting the testing standards specified by the U.S. Department of Agriculture "biobased" certification program, or (B) based on regulatory and statutory definitions, such as those in the European Union.

        Honest agrees to implement the terms of this subparagraph on or before twelve (12) months after the Final Settlement Date.

        **(d)**    The agreement in this paragraph 2.1 shall not require Honest to continue to sell the Products.  Notwithstanding the foregoing paragraphs (a)-(c), Honest may continue to utilize existing labels and materials and sell existing inventory.

        **(e)**    The agreement in this paragraph 2.1 shall not preclude Honest from making statements with respect to the Products:

(i)      Stating that they are "made with natural ingredients," "contain natural ingredients," "made with naturally-derived ingredients," "contain naturally-derived ingredients," "made with plant-derived ingredients," "contain plant-based ingredients" or other similar phrasing regarding Product components;

(ii)     Unrelated to the agreements reflected in paragraph 2.1;

(iii)    That are made in accordance with any federal, state or local law, statute, ordinance or regulation (including changes thereto by either statutory or regulatory amendment or court opinion, including changes to foreign regulations for the purposes of subpart 2.1(b)); or

(iv)    Are necessitated by Product changes and/or reformulations to ensure that Honest provides accurate Product descriptions.

**2.2**    **Maximum Settlement Amount.**  The Maximum Settlement Amount shall be seven million, three hundred fifty thousand dollars ($7,350,000).

(a)     The Maximum Settlement Amount is the maximum amount to be paid by Honest pursuant to this Settlement Agreement.  The Maximum Settlement Amount shall be used to pay for any and all costs incurred under this Agreement, including but not limited to, awards to Class Members, any and all costs of the Claims Administrator incurred pursuant to this Agreement, any attorneys' fees and costs awarded by the Court, and any payment to Named Plaintiffs awarded by the Court.  In no event shall Honest be obligated to pay more than $7,350,000.

(b)     Within ten (10) calendar days of the Court's Preliminary Approval Order, Honest shall transmit to the Settlement Administrator the estimated Claims Administrator Costs sufficient to cover the cost of providing notice pursuant to Section 4.  To the extent that any portion of the estimated Claims Administrator Costs to cover the cost of providing notice pursuant to Section 4 are not actually incurred by the Settlement Administrator or not approved by the Court, they shall become part of the Net Settlement Amount, and distributed pursuant to the procedures set forth below.

(c)     Within ten (10) calendar days of the Final Settlement Date, Honest shall transmit to the Settlement Administrator the remainder of the Maximum Settlement Amount to the Claims Administrator that was not transmitted pursuant to paragraph 2.2(b), but minus the amount of Settlement Credits claimed by Authorized Claimants (which amounts will be transmitted by Honest directly to the Authorized Claimants).

(d)     Honest shall not have the obligation to segregate the funds comprising the Maximum Settlement Amount from its other assets, and if Honest retains and/or exercises authority or control over the Settlement Amount after

entry of the Preliminary Approval Order, it shall do so in conformity with its obligations under this Agreement, applicable state and federal law, and Court order(s).

(e)    To be eligible to receive a Settlement award, Settlement Class Members must accurately complete and submit a Claim Form and deliver that form to the Claims Administrator no later than the Response Deadline. Only one Claim Form may be submitted per Class Member household.

(f)    Subject to the pro rata adjustment referenced in Section 8, a Settlement Class Member is eligible to obtain two dollars and fifty cents ($2.50) in either a Settlement Payment or Settlement Credit for each purchase of a Product during the Class Period defined in the Agreement. Settlement Class Members may claim ten (10) Products without providing a valid Proof of Purchase; for all other Products claimed, valid Proof of Purchase must be provided. There is no maximum number of Products for which any Settlement Class Member may claim with Proof of Purchase. To receive a Settlement Payment or Credit, each claimant must submit a valid and timely Claim Form either by mail or electronically. The amount of recovery allocated to each Authorized Claimant is set forth in Section 8, *infra*.

(g)    No person or entity shall have any claim against Honest, Honest's counsel, Plaintiffs, the Class Members, Plaintiffs' Counsel or any Claims Administrator based on distributions and payments made in accordance with this Agreement.

2.3    **Incentive Awards to Named Plaintiffs.** Named Plaintiffs acknowledge they must petition the Court for approval of any award to Named Plaintiffs for an individual settlement award. Named Plaintiffs agree that they will not seek an award of greater than five thousand dollars ($5,000) each to be paid from the Maximum Settlement Amount. Honest agrees not to object to Named Plaintiffs' request for an award of up to a maximum payment of $5,000 (each). If the Court approves the Settlement of this Action and an individual settlement award to Named Plaintiffs, such award approved by the Court up to $5,000 per Named Plaintiff shall be paid in accordance to the manner and timeline stated in Section 8.

2.4    **Attorneys' Fees and Costs.** Plaintiffs acknowledge that they must petition the Court for approval of any award to Plaintiffs' Counsel for attorneys' fees and costs. Co-Lead Settlement Class Counsel, on behalf of Plaintiffs' Counsel, will file any papers supporting Plaintiffs' Counsel's request for attorneys' fees and costs with the Court fourteen (14) calendar days prior to the Response Deadline. Plaintiffs and Plaintiffs' Counsel agree that Plaintiffs' Counsel will not seek an award of greater than one-third of the Maximum Settlement Amount, or two million four hundred fifty thousand dollars ($2,450,000) (total) for fees and costs to be paid from the Maximum Settlement Amount. Honest agrees not to object to Plaintiffs' Counsel's request for up to a maximum payment of $2,450,000 (total) for attorneys' fees and costs. If the Court approves the Settlement of this Action and an award of attorneys' fees and costs to

Plaintiffs' Counsel, such award approved by the Court up to $2,450,000 (total) shall be paid in accordance with the manner and timeline stated in Section 8.

**2.5     Release as to All Class Members.**  Upon the Final Settlement Date, Class Releasors shall waive and forfeit, and be deemed to have fully, finally and forever released and discharged against all Released Parties all Class Released Claims, including Unknown Claims, existing up to the date of the Preliminary Approval Order.

**2.6     General Release by Named Plaintiffs.**  In addition to the releases made by the Class Members set forth in Paragraph 2.5 above, effective upon entry of the Judgment, Named Plaintiffs make the additional following general release of all claims, known or unknown.  Upon entry of the Judgment, Named Plaintiffs and each of their successors, assigns, predecessors-in-interest, legatees, heirs, executors, attorneys and personal representatives, and anyone claiming through or on behalf of any of them or that they are claiming on behalf of ("***Named Plaintiff Releasors***"), release and forever discharge the Released Parties, from all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent existing up to the date of the entry of Judgment.

In addition, Named Plaintiffs and Named Plaintiff Releasors expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Named Plaintiffs fully understand that the facts on which the Settlement Agreement is to be executed may be different from the facts now believed by Named Plaintiffs and their counsel to be true and expressly accept and assume the risk of this possible difference in facts and agree that the Settlement Agreement will remain effective despite any difference in facts.  Further, Named Plaintiffs on behalf of themselves and the Named Plaintiff Releasors agree that this waiver is an essential and material term of this release and the settlement that underlies it and that without such waiver the Settlement would not have been accepted.

**3.     PRELIMINARY APPROVAL AND PROVISIONAL CLASS CERTIFICATION.**

**3.1     Stay/Dismissal of *Michael, Kellman,* and *Hiddlestone*.**  On or before five (5) business days after execution of the Settlement Agreement, Honest and plaintiffs in the Michael, Kellman, and Hiddlestone actions shall file papers staying their respective actions pending the Final Settlement Date.  In the event any court declines to stay an action, the relevant Parties shall file papers to dismiss the action *without prejudice*.

**3.2     Preliminary Approval and Provisional Class Certification.**  Plaintiffs shall file their motion for preliminary approval of the Settlement Agreement as soon as feasibly possible

after execution of the Settlement Agreement.   The motion for preliminary approval of the Settlement and provisional class certification must request the Court to:

| | |
|---|---|
| **(a)** | preliminarily approve this Settlement Agreement; |
| **(b)** | preliminarily approve the form, manner, and content of the Long-Form Notice, Email Notice, U.S. Mail Notice, Publication Notice, Online Media Notice Plan, and Claim Form described in Section 4 of this Settlement Agreement, and attached as **Exhibits B - G**; |
| **(c)** | set the date and time of the Fairness Hearing; |
| **(d)** | provisionally certify the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure, for settlement purposes only; |
| **(e)** | find that Honest has complied with 28 U.S.C. § 1715(b); |
| **(f)** | stay all proceedings in the Action against Honest until the Court renders a final decision on approval of the Settlement and set a briefing schedule for the papers in support of the Final Approval Order; |
| **(g)** | conditionally appoint Named Plaintiffs as the class representative for settlement purposes only; and |
| **(h)** | conditionally appoint the Co-Lead Settlement Class Counsel as lead counsel for settlement purposes only. |

The proposed Preliminary Approval and Provisional Class Certification Order must be substantially similar to the form attached as **Exhibit A**.  Co-Lead Settlement Class Counsel must draft the motion papers and give Honest's Counsel drafts of the motion and proposed order to review at least seven (7) calendar days before the motion's filing and service date/deadline.

     **3.3**   **Honest's Brief.**  Honest shall be permitted, but not required, to file its own brief or statement of non-opposition in support of the Preliminary Approval and Provisional Class Certification Order.

**4.**    **Class Notice.**

     **4.1**   **Known Class Member List.**  Unless otherwise ordered by the Court, within twenty-one (21) calendar days after entry of the Preliminary Approval Order, Honest shall provide the Claims Administrator the [i] name, [2] email address, [3] postal address, and [4] total amount spent on Products during the Class Period, that were not subsequently returned, of those Class Members it can reasonably identify in its records as having made an online purchase through Honest.com of one or more of the Products during the Class Period.

     **4.2**   **Class Notice.**  Subject to the Court entering the Preliminary Approval Order, the Parties agree that the Claims Administrator will provide the Class with notice of the proposed Settlement by the following methods, as approved by the Court:

(a) **Settlement Website**.  Unless otherwise ordered by the Court, within forty-five (45) calendar days after entry of the Preliminary Approval Order, the Claims Administrator will set up the Settlement Website and post the operative Complaints from the Actions, Settlement Agreement, Preliminary Approval Order, Full Notice, downloadable (i.e., PDF) Claim Form, and within three (3) Court days after it is filed, Class Counsel's fee application.  The Settlement Website will be active until at least the Final Settlement Date.  The Settlement Website shall be designed and constructed to accept electronic Claim Form submission.

(b) **Email Notice.**  Unless otherwise ordered by the Court, within forty-five (45) calendar days after entry of the Preliminary Approval Order, Honest, through the Claims Administrator, will send an Email Notice to Class Members on the "Known Class Member List" referenced in Paragraph 4.1.  The Email Notice will be substantially similar to the form attached as **Exhibit C**, and will provide the web address of the Settlement Website and an email and mailing address to contact the Claims Administrator.

(c) **U.S. Mail Notice.**  Unless otherwise ordered by the Court, for those persons (a) to whom Honest, through the Claims Administrator, sends email notice as described above, but then receives notification that the email was not ultimately delivered (a "hard bounce"), and (b) for whom Honest has a facially valid U.S. Postal mailing address, Honest, through the Claims Administrator, shall provide postcard notice on or before sixty (60) calendar days after entry of the Preliminary Approval Order.  The postcard containing the U.S. Mail Notice will be substantially similar to the form attached as **Exhibit D**, and will provide the web address of the Settlement Website and an email and mailing address to contact the Claims Administrator.  Before sending the U.S. Mail Notice, the Claims Administrator will check the addresses to be used against the National Change of Address Database.

(d) **Publication Notice.**  Unless otherwise ordered by the Court, between forty-five (45) and seventy five (75) calendar days after entry of the Preliminary Approval Order, Honest, through the Claims Administrator, will publish the Publication Notice once in the legal notice section of a print magazine circulating in the United States.  The Publication Notice will be substantially similar to the form attached as **Exhibit E**.

(e) **Online Media Notice Plan.**  Unless otherwise ordered by the Court, within forty-five (45) calendar days after entry of the Preliminary Approval Order, Honest, through the Claims Administrator, will start implementing an online media notice effort via third party paid searches and advertisements.  The Online Media Notice Plan will substantially take the form described in the Online Media Notice Plan attached hereto as **Exhibit F**.

(f)   **Telephonic Notice.**   Unless otherwise ordered by the Court, starting within forty-five (45) calendar days after entry of the Preliminary Approval Order, and continuing for at least until the Response Deadline, a recording of the Long-Form Notice will be available by calling a toll-free number established by the Claims Administrator.

**4.3   CAFA Notice.**  Within ten (10) calendar days after this Agreement is filed with the Court, Honest through the Claims Administrator shall serve upon relevant government officials notice of the proposed settlement in accordance with 28 U.S.C. § 1715. The Claims Administrator shall thereafter complete a declaration attesting to the completion of notice pursuant to the 28 U.S.C. § 1715 such that it can be filed with the Court in advance of the preliminary approval hearing.

**5.   Claims Procedure.**

**5.1   Claim Form.** The Claim Form will contain spaces for Settlement Class Members to report the amount spent in purchasing the Products during the Class Period, as well as the approximate date, seller, and location of any retail (i.e., not Honest.com) purchase. The claim forms will also allow Claimants to elect between an award in the form of a Settlement Payment or Credit.

(a)   For retail purchases (i.e., purchases not made from Honest.com), Claimants can verify amount they spent on Products by providing Proof of Purchase with their Claim Forms. For online purchases on Honest.com made by Class Members on the Known Class Member List referenced in Paragraph 4.1, no verification by receipt is necessary for the purchases reflected on such list. For purchases of Class Members reflected on the Known Class Member List referenced in Paragraph 4.1, the total of their verified amount for their Honest.com purchases will be populated into their electronic Claim Form.

(b)   For claims without Proof of Purchase, the Claim Form shall provide a space for the Settlement Class Member to sign and submit an attestation that states to the best of his or her knowledge the total number and type of purchased Honest Products, and the approximate date of his or her purchases. The Claim Form shall be signed under an affirmation stating, among other things, the following or substantially similar language: "I declare, under penalty of perjury, that the information in this Claim Form is true and correct to the best of my knowledge, and that I purchased the Honest Product(s) claimed above during the Class Period. I understand that my Claim Form may be subject to audit, verification, and Court review."

(c)   The Claim Form shall also contain spaces for Claimants to provide their contact information so that the Claims Administrator may communicate with them regarding their Claim and, if the Claimant is an Authorized Claimant, transmit the appropriate Settlement award. Mandatory fields for

contact information shall be name, address, and email address (online Claim Form submission only, or if the Class Member has an Honest.com account). Class Members may elect to optionally provide their telephone numbers.

**(d)** The Claim Form may be submitted electronically or by postal mail. The delivery date is deemed to be the date (a) the Claim Form is deposited in the U.S. Mail as evidenced by the postmark, in the case of submission by U.S. Mail, or (b) in the case of submission electronically through the Settlement Website, the date the Claims Administrator receives the Claim Form, as evidenced by the transmission receipt.

**(e)** Any Class Member who fails to submit a valid and timely Claim Form will not receive any Settlement award under this Settlement Agreement.

**5.2 Claims Review Process.** The Claims Administrator shall review all submitted Claim Forms within a reasonable time for completeness, validity, accuracy, and timeliness, and may contact any Claimant to request additional information and documentation to determine the validity of any claim. In addition, the Claims Administrator may verify that: (1) the information set forth in a submitted Claim Form is accurate; and (2) the Claimant is a Class Member. To be considered an "Authorized Claimant" a Claimant must submit a valid, complete and timely Claim Form. Claim Forms that do not meet the submission requirements shall be rejected. Except in instances of untimeliness, prior to rejection of a Claim Form, the Claims Administrator shall communicate with the Claimant in an effort to remedy curable deficiencies in the Claim Form submitted; untimely Claims shall be rejected without such cure attempt. If the Claim Form at issue was submitted electronically, the Class Member shall be notified by email to the original email address used. If the Claim Form at issue was submitted by mail, the Class Member shall be notified by the email address on the Claim Form, unless the Class Member did not provide one, in which case mail to the original postal address shall be used.

**5.3 Disputed Claims.** If a Claimant disputes the verified amount shown on his or her electronic Claim Form, he or she can submit receipts to the Claims Administrator to support a higher verified amount. Additionally, if the Parties dispute a Claim Form's timeliness, validity, or applicable Gross Allocated Amount (defined in Section 8 below), the Parties must meet and confer in good faith to resolve the dispute. Honest's records will be entitled to a rebuttable presumption of accuracy.

**5.4 Inquiries from Class Members.** The Claims Administrator will establish an email account and P.O. Box to which Class Members may submit questions regarding the Settlement. The Claims Administrator will monitor the email account and P.O. Box and respond promptly to inquiries received from Class Members.

**5.5 Claims Administrator Reports.** Starting one week after the deadline to start providing notice to the Class under Section 4, the Claims Administrator shall provide weekly reports to Honest's Counsel and Co-Lead Settlement Class Counsel concerning the Claim Forms received during the prior week and the amount claimed to date. The report shall also identify the

number of valid requests for exclusions received (*see* Section 6, *infra*) and transmit any received objections (*see* Section 6, *infra*) to counsel.

**5.6     Proof of Notice and Claims Accounting.**  No later than fourteen (14) calendar days before the filing date for Plaintiff's motion in support of the Final Approval Order and Judgment, the Claims Administrator will serve upon Co-Lead Settlement Class Counsel and Defendant's Counsel a declaration confirming that notice to the Class has been provided in accordance with Section 4 of this Settlement Agreement.  The Claims Administrator shall also provide Co-Lead Settlement Class Counsel and Defendant's Counsel a report indicating, among other things, the number of timely and valid Claim Forms that were submitted and the Total Amount Claimed (defined in Paragraph 8.2, *infra*) associated with such forms.

**6.     Objections and Requests for Exclusion.**

**6.1     Exclusion from the Class.**  Class Members may elect not to be part of the Class and not to be bound by this Settlement Agreement.  To make this election, Class Members must send a letter or postcard to the Claims Administrator stating: (a) the name and case number of the Action (*In re Honest Marketing Litigation*, S.D.N.Y. Case No. 16-cv-01125); (b) the full name, address, and email address associated with the Class Member's Honest account (if the Class Member has an Honest account); and (c) a statement that he/she does not wish to participate in the Settlement, postmarked no later than the Response Deadline.  The Claims Administrator must serve on Co-Lead Settlement Class Counsel and Defendant's Counsel a list of Class Members who have timely and validly excluded themselves from the Class no later than fourteen (14) calendar days before the filing date for Plaintiffs' motion in support of the Final Approval Order and Judgment.

**6.2     Objections.**  Any Class Member who has not submitted a timely written exclusion request pursuant to paragraph 6.1 of this Settlement Agreement and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement may do so according to the following instructions, or as otherwise ordered by the Court.

**(a)**     Any objecting Settlement Class Members must deliver written objections to the Claims Administrator no later than the Response Deadline.  The delivery date is deemed to be the date the objection is deposited in the U.S. Mail as evidenced by the postmark.  It shall be the objector's responsibility to ensure receipt of any objection by the Claims Administrator.

**(b)**     Written objections must include: (a) the name and case number of the Action ("*In re Honest Marketing Litigation*, S.D.N.Y. Case No. 16-cv-01125"); (b) the full name, address, and email address associated with the Settlement Class Member's Honest account (if the Settlement Class Members has an Honest account) of the person objecting, and if the Settlement Class Member is a retail purchaser, the approximate date, location, and seller where the Settlement Class Member purchased the Product; and (c) the specific reasons, if any, for each objection, including any legal and factual support the objector wishes to bring to the Court's attention.  The objection shall be verified by a declaration under the penalty of perjury or a sworn affidavit regarding the facts supporting the objector's status as a Class Member.

(c)     Any Settlement Class Member who files and serves a written objection, as described in this paragraph, has the option to appear at the Fairness Hearing, either in person or through personal counsel hired at the Settlement Class Member's expense, to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, or to the award of attorneys' fees. However, Settlement Class Members (with or without their attorneys) intending to make an appearance at the Fairness Hearing must include on a timely and valid objection a statement substantially similar to "Notice of Intention to Appear." If the objecting Settlement Class Member intends to appear at the Fairness Hearing through counsel, he or she must also identify the attorney(s) representing the objector who will appear at the Fairness Hearing and include the attorney(s) name, address, phone number, e-mail address, and the state bar(s) to which counsel is admitted. If the objecting Settlement Class Member intends to request the Court to allow the Class Member to call witnesses at the Fairness Hearing, such request must be made in the Settlement Class Member's written objection, which must also contain a list of any such witnesses and a summary of each witness' expected testimony. Only Settlement Class Members who file and serve timely objections including Notices of Intention to Appear may speak at the Fairness Hearing. If a Settlement Class Member makes an objection through an attorney, the Settlement Class Member will be responsible for his or her personal attorney's fees and costs.

## 7.     Fairness Hearing, Dismissals and Judgment.

**7.1     Final Approval Order and Judgment.** Before the Fairness Hearing, Plaintiffs must apply for Court approval of a proposed Final Approval Order, substantially similar to the form attached as **Exhibit H,** and Judgment. Subject to the Court's approval, the Final Approval Order and Judgment shall, among other things:

(a)     finally approve the Settlement Agreement as fair, reasonable and adequate;

(b)     finally certify the Class for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(b)(3);

(c)     find that the notice and the notice dissemination methodology complied with the Settlement Agreement, Federal Rule of Civil Procedure 23, and the Due Process Clause of the United States Constitution;

(d)     finally appoint Named Plaintiffs as the class representatives, and appoint Class Counsel and Co-Lead Settlement Class Counsel;

(e)     issue orders related to the relief provided for in the Settlement Agreement, including distribution of payments to Authorized Claimants, payment of Plaintiffs' individual settlement awards, and payment of Class Counsel's fees and costs;

(f)     incorporate the releases set forth in the Settlement Agreement;

(g)     procedurally close the Action after entry of Judgment; and

(h) retain jurisdiction over the Action and the Parties relating to the administration, consummation, and/or enforcement of the Agreement and/or the Final Approval Order and Judgment, and for any other necessary purpose.

Co-Lead Settlement Class Counsel must also draft the motion papers and give Honest's Counsel drafts of the motion and proposed order to review at least seven (7) calendar days before the motion's filing and service date/deadline.

**7.2    Honest's Brief.**  Honest shall be permitted, but not required, to file its own brief or statement of non-opposition in support of the Final Approval Order and Judgment.

**7.3    Dismissal of *Michael*, *Kellman*, and *Hiddlestone*.**  On or before five (5) business days after the Final Settlement Date, to the extent their actions have not already been dismissed, Plaintiffs in the *Michael*, *Kellman*, and *Hiddlestone* actions shall file papers to dismiss his/her/their action with prejudice, consistent with the applicable rules and procedures governing such dismissals.

## 8.    Distribution.

**8.1    Initial Payments.**  Except as otherwise provided, on or before thirty (30) calendar days after the Final Settlement Date, the Claims Administrator shall deduct all Initial Payments from the Settlement Amount and deliver them to the appropriate individuals or entities entitled to them, in accordance with the terms of the Agreement and the Court's Final Approval Order and Judgment.

(a) **Additional Instructions Regarding Plaintiffs' Individual Payments.** Within five (5) calendar days after the Final Settlement Date, Named Plaintiffs shall provide the Claims Administrator their relevant Form W-9s. The Claims Administrator shall have no obligation to forward to the Named Plaintiffs the individual payments until it receives the Form W-9s.

(b) **Additional Instructions Regarding Plaintiffs' Counsel's Award.** Within five (5) calendar days after the Final Settlement Date, Plaintiffs' Counsel shall provide the Claims Administrator the relevant Form W-9 and any instructions for payment. The Claims Administrator shall have no obligation to pay forward to Plaintiffs' Counsel attorneys'-fees and costs until it receives the Form W-9.

(c) **Additional Instructions Regarding Claims Administrator Costs.** The Claims Administrator shall be paid for any additional, necessary Claims Administrator Costs reasonably incurred beyond the payment provided in Paragraph 2.2. The payment(s) to the Claims Administrator shall cover costs incurred and costs *to be incurred*, i.e., there will be no supplemental payment to the Claims Administrator to cover its costs incurred after this payment. As such, when calculating the amount to be paid for the Class Administration Costs, the Claims Administrator must make a reasonable estimate of the cost of the services to be given in the future.

**8.2   Authorized Claimant Settlement Award Calculations.**   The awards to Authorized Claimants shall be calculated and apportioned as follows:

(a)   The "Net Settlement Amount" shall be calculated by subtracting the Initial Payments from the Maximum Settlement Amount.

(b)   The Claims Administrator shall calculate the total amount of Settlement Payments and Credits timely and validly claimed by Authorized Claimants. The sum of the Settlement Payments and Credits claimed shall be the "Total Amount Claimed."

(c)   The Net Settlement Amount shall be divided by the number of Total Amount Claimed; the resulting figure is the "Pro Rata Multiplier."

(d)   For each Authorized Claimant, the Claims Administrator shall multiply the amount of Settlement Payment or Credits he or she timely and validly claimed by the Pro Rata Multiplier. The resulting figure shall be the Gross Allocated Amount for each such Authorized Claimant.

**8.3   Distribution of Authorized Claimant Awards.**

(a)   On or before fourteen (14) calendar days after the Response Deadline, the Claims Administrator shall provide Counsel for Honest and Co-Lead Plaintiffs' Counsel with information regarding the number of Settlement Payments and Credits and amount claimed by each Authorized Claimant. To the extent any adjustment to these amounts are made after this deadline, the Claims Administrator will timely provide the updated information Counsel for Honest and Co-Lead Plaintiffs' Counsel.

(b)   Authorized Claimants who requested an award of a Settlement Payment, payments shall have the amount of his or her Gross Allocated Amount mailed as a check by the Claims Administrator within thirty (30) calendar days following the Final Settlement Date.

(c)   To those Authorized Claimants who requested award by Settlement Credit, electronic codes constituting or reflecting their Settlement Credit in the amount of his or her Gross Allocated Amount shall be emailed to the Authorized Claimant by Honest within sixty (60) calendar days after the Final Settlement Date.

**8.4   Uncashed Settlement Checks.**   Any checks issued under this Settlement shall be negotiable for at least ninety (90) calendar days. Individual checks that have not been negotiated within ninety (90) calendar days after issuance, if any, shall be void, and the underlying funds shall be paid by the Claims Administrator to the unclaimed funds department (or its equivalent) of the State of residence of the Class Member whose check was not cashed.

**9.   No Admission of Liability or Wrongdoing.**   This Settlement Agreement reflects the Parties' compromise and Settlement of disputed claims. Its constituent provisions, and any and

all drafts, communications, and discussions relating thereto, shall not be construed as or deemed to be evidence of an admission or concession of any point of fact or law (including, but not limited to, matters respecting class certification) by any person, including Honest, and shall not be offered or received in evidence or requested in discovery in these Actions or any other action or proceeding as evidence of an admission or concession. Honest has denied and continues to deny each of the claims and contentions alleged by Plaintiffs in the Actions. Honest has repeatedly asserted and continues to assert defenses thereto, and has expressly denied and continues to deny any wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Actions.

## 10.   Nullification of Settlement Agreement.

**10.1   Honest's Right to Revoke.**   Honest has the right in its sole and exclusive discretion to terminate and withdraw from the Settlement at any time prior to the Fairness Hearing if: (a) the Court makes an order materially inconsistent with any of the terms of this Settlement (except for an order reducing the Class Counsel award or the Named Plaintiffs' individual settlement awards); or (b) more than five hundred (500) Class Members timely and validly opt out of the Settlement; or (c) Plaintiffs or Class Counsel materially breach the Settlement Agreement.

**10.2   Effect of Agreement if Settlement Is Not Approved.**   This Settlement Agreement was entered into only for the purpose of Settlement. In the event that Paragraph 10.1 is invoked by Honest, the Court conditions its approval of either the Preliminary Approval Order or the Final Approval Order and Judgment on any modifications of this Settlement Agreement that are not acceptable to all Parties, or if the Court does not approve the Settlement or enter the Final Approval Order and Judgment, or if the Final Settlement Date does not occur for any reason, then this Agreement shall be deemed null and void *ab initio* and the Parties shall be deemed restored to their respective positions *status quo ante*, and as if this Agreement was never executed. In that event (a) the Preliminary Approval Order and all of its provisions will be vacated by its own terms, including, but not limited to, vacating conditional certification of the Class, conditional appointment of Plaintiffs as class representatives, and conditional appointment of Co-Lead Settlement Class Counsel as class counsel; (b) the Actions will revert to the status that existed before the Plaintiffs filed their motion for approval of the Preliminary Approval Order; and (c) no term or draft of this Settlement Agreement, or any part of the Parties' settlement discussions, negotiations or documentation will have any effect or be admissible into evidence for any purpose in the Actions or any other proceeding. If the Court does not approve the Settlement or enter the Final Approval Order and Judgment for any reason, or if the Final Settlement Date does not occur for any reason, Honest shall retain all its rights (to the extent it had such rights as of the date of this Agreement) to challenge any and all allegations in the Actions' respective complaints, including but not limited to, by filing a motion to dismiss, seeking to enforce arbitration provisions, opposing class certification, or by summary judgment, and to object to the maintenance of the Actions as a class action. Nothing in this Settlement Agreement or other papers or proceedings related to the Settlement shall be used as evidence or argument by any Party concerning whether the Actions may properly be maintained as a class action.

11.    ADDITIONAL PROVISIONS.

**11.1    Change of Time Periods.** All time periods and dates described in this Settlement Agreement are subject to the Court's approval. These time periods and dates may be changed by the Court or by the Parties' written agreement without notice to the Class.

**11.2    Fair, Adequate, and Reasonable Settlement.** The Parties believe this Settlement is a fair, adequate, and reasonable settlement of the Action and have arrived at this Settlement in arms-length negotiations, taking into account all relevant factors, present and potential. This Settlement was reached after extensive negotiations, including multiple mediations.

**11.3    Real Parties in Interest.** In executing this Settlement Agreement, the Parties warrant and represent that, except as provided herein, neither said claims nor any part thereof have been assigned, granted, or transferred in any way to any other person, firm, or entity.

**11.4    Voluntary Agreement.** This Settlement Agreement is executed voluntarily and without duress or undue influence on the part of or on behalf of the Parties, or of any other person, firm, or entity.

**11.5    Binding on Successors.** This Settlement Agreement shall bind and inure to the benefit of the respective successors, assigns, legatees, heirs, and personal representatives of each of the Parties.

**11.6    Parties Represented by Counsel.** The Parties hereby acknowledge that they have been represented in negotiations for and in the preparation of this Settlement Agreement by independent counsel of their own choosing, that they have read this Settlement Agreement and have had it fully explained to them by such counsel, and that they are fully aware of the contents of this Settlement Agreement and of its legal effect.

**11.7    Authorization.** Each Party warrants and represents that there are no liens or claims of lien or assignments in law or equity or otherwise of or against any of the claims or causes of action released herein and, further, that each Party is fully entitled and duly authorized to give this complete and final release and discharge.

**11.8    Entire Agreement.** This Settlement Agreement and attached exhibits contain the entire agreement between the Parties and constitute the complete, final, and exclusive embodiment of their agreement with respect to the Actions. This Settlement Agreement is executed without reliance on any promise, representation, or warranty by any Party or any Party's representative other than those expressly set forth in this Settlement Agreement.

**11.9    Construction and Interpretation.** Neither the Parties nor any of the Parties' respective attorneys shall be deemed the drafter of this Settlement Agreement for purposes of interpreting any provision hereof in any judicial or other proceeding that may arise between or among them. This Settlement Agreement has been, and must be construed to have been, drafted by all the Parties to it, so that any rule that construes ambiguities against the drafter will have no force or effect.

**11.10   Headings and Formatting of Definitions.**   The various headings used in this Settlement Agreement are solely for the convenience of the Parties and shall not be used to interpret this Settlement Agreement.   Similarly, bolding and italicizing of definitional words and phrases is solely for the Parties' convenience and may not be used to interpret this Settlement Agreement.   The headings and the formatting of the text in the definitions do not define, limit, extend, or describe the Parties' intent or the scope of this Settlement Agreement.

**11.11   Exhibits.**   The exhibits to this Settlement Agreement are integral parts of the Settlement Agreement and Settlement and are hereby incorporated and made a part of this Settlement Agreement as though fully set forth in the Settlement Agreement.

**11.12   Modifications and Amendments.**   No amendment, change, or modification of this Settlement Agreement or any part thereof shall be valid unless in writing signed by the Parties or their counsel.

**11.13   Governing Law.**   This Agreement is entered into in accordance with the laws of the State of California and shall be governed by and interpreted in accordance with the laws of the State of California, without regard to its conflict of law principles.

**11.14   Further Assurances.**   Each of the Parties hereto shall execute and deliver any and all additional papers, documents, and other assurances and shall do any and all acts or things reasonably necessary in connection with the performance of its obligations hereunder to carry out the express intent of the Parties hereto.

**11.15   Agreement Constitutes a Complete Defense.**   To the extent permitted by law, this Settlement Agreement may be pled as a full and complete defense to any action, suit, or other proceedings that may be instituted, prosecuted, or attempted in breach of or contrary to this Settlement Agreement.

**11.16   Execution Date.**   This Settlement Agreement shall be deemed executed upon the last date of execution by all of the undersigned.

**11.17   Continuing Jurisdiction.**   The Court shall retain jurisdiction over the interpretation, effectuation, and implementation of this Settlement Agreement.

**11.18   Counterparts.**   This Settlement Agreement may be executed in counterparts, each of which shall constitute an original, but all of which together shall constitute one and the same instrument.   The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies of executed copies of this Agreement may be treated as originals.

**11.19   Recitals.**   The Recitals are incorporated by this reference and are part of the Settlement Agreement.

**11.20   Inadmissibility.**   This Settlement Agreement (whether approved or not approved, revoked, or made ineffective for any reason) and any proceedings or discussions related to this Settlement Agreement are inadmissible as evidence of any liability or wrongdoing whatsoever in any court or tribunal in any state, territory, or jurisdiction.   Further, neither this Settlement

Agreement, the Settlement contemplated by it, nor any proceedings taken under it, will be construed or offered or received into evidence as an admission, concession, or presumption that class certification is appropriate, except to the extent necessary to consummate this Settlement Agreement and the binding effect of the Final Approval Order and Judgment.

**11.21 No Conflict Intended.** Any inconsistency between this Settlement Agreement and the attached exhibits will be resolved in favor of this Settlement Agreement.

**11.22 Disposal of the Claimant Information.** The Claims Administrator shall treat the Known Class Member List as highly confidential, non-public information. Within one (1) year after the Final Settlement Date and completion of the administration, or in the event the Settlement is terminated pursuant to Section 10, the Known Class Member List, all originals, copies, documents, transcriptions, iterations, or drafts of information from Class Members or any portion thereof shall be transferred from the Claims Administrator to Honest.

**11.23 Notices.** Any notice, instruction, application for Court approval or application for Court orders sought in connection with the Settlement Agreement or other document to be given by any Party to any other Party shall be in writing and delivered personally or sent by registered or certified mail, postage prepaid, if to Honest to the attention of Honest's Counsel, and if to Class Members to the attention of Co-Lead Settlement Class Counsel on their behalf.

| CO-LEAD SETTLEMENT CLASS COUNSEL | HONEST'S COUNSEL |
|---|---|
| Todd Garber | William P. Donovan, Jr. |
| FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP | COOLEY LLP |
| 445 Hamilton Avenue | 1333 Second Street, Suite 400 |
| White Plains, NY 10601 | Santa Monica, CA  90401-4100 |
| *-and-* | |
| Nicholas A. Carlin | |
| PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP | |
| 39 Mesa Street, Suite 201 | |
| San Francisco, CA 94129 | |

**11.24 List of Exhibits:** The following exhibits are attached to this Agreement:

Exhibit A:    [Proposed] Preliminary Approval and Provisional Class Certification Order

Exhibit B:    Long-Form Notice

Exhibit C:    Email Notice

Exhibit D:    U.S. Mail Notice

Exhibit E:    Publication Notice

Exhibit F:    Online Media Notice Plan

Exhibit G:    Claim Form

Exhibit H:    [Proposed] Order Granting Final Approval of Class Settlement

Exhibit I:    Product List

**IN WITNESS WHEREOF,** the Parties hereto, acting by and through their respective Counsel of record, have so AGREED.

Dated: 6/21/2017          *Rose Marcotrigiano*
                          ROSE MARCOTRIGIANO

Dated: _____    _____
                          AVIVA KELLMAN

Dated: _____    _____
                          JULIE HEDGES

Dated: _____    _____
                          DREAMA HEMBREE

Dated: _____    _____
                          CANDACE HIDDLESTONE

Dated: _____    _____
                          ETHEL LUNG

Dated: _____    _____
                          SHANE MICHAEL

Dated: _____    _____
                          JONATHAN D. RUBIN

Dated: _____    _____
                          STAVROULA DA SILVA

Dated: _____    THE HONEST COMPANY, INC.

                          _____
                          BY: NICK VLAHOS
                          ITS: CHIEF EXECUTIVE OFFICER

Exhibit D:    U.S. Mail Notice

Exhibit E:    Publication Notice

Exhibit F:    Online Media Notice Plan

Exhibit G:    Claim Form

Exhibit H:    [Proposed] Order Granting Final Approval of Class Settlement

Exhibit I:    Product List

**IN WITNESS WHEREOF,** the Parties hereto, acting by and through their respective Counsel of record, have so AGREED.

Dated: _____

Dated: _6/23/2017_____        _____
                                 ROSE MARCOTRIGIANO

                                 _____
                                 AVIVA KELLMAN

Dated: _____         _____
                                 JULIE HEDGES

Dated: _____         _____
                                 DREAMA HEMBREE

Dated: _____         _____
                                 CANDACE HIDDLESTONE

Dated: _____         _____
                                 ETHEL LUNG

Dated: _____         _____
                                 SHANE MICHAEL

Dated: _____         _____
                                 JONATHAN D. RUBIN

Dated: _____         _____
                                 STAVROULA DA SILVA

Dated: _____         THE HONEST COMPANY, INC.

                                 _____
                                 BY: NICK VLAHOS
                                 ITS: CHIEF EXECUTIVE OFFICER

Dated: _____

AVIVA KELLMAN
_____

Dated: **06/20/2017**

_____
JULIE HEDGES

Dated: _____

_____
DREAMA HEMBREE

Dated: _____

_____
CANDACE HIDDLESTONE

Dated: _____

_____
ETHEL LUNG

Dated: _____

_____
SHANE MICHAEL

Dated: _____

_____
JONATHAN D. RUBIN

Dated: _____

_____
STAVROULA DA SILVA

Dated: _____

THE HONEST COMPANY, INC.

_____
BY: NICK VLAHOS
ITS: CHIEF EXECUTIVE OFFICER

Dated: _____          _____
                                  AVIVA KELLMAN

Dated: _____          _____
                                  JULIE HEDGES

Dated: 6·21·17                    *Dreama Hembree*
                                  _____
                                  DREAMA HEMBREE

Dated: _____          _____
                                  CANDACE HIDDLESTONE

Dated: _____          _____
                                  ETHEL LUNG

Dated: _____          _____
                                  SHANE MICHAEL

Dated: _____          _____
                                  JONATHAN D. RUBIN

Dated: _____          _____
                                  STAVROULA DA SILVA

Dated: _____          THE HONEST COMPANY, INC.

                                  _____
                                  BY: NICK VLAHOS
                                  ITS: CHIEF EXECUTIVE OFFICER

Dated: _____        _____
                              AVIVA KELLMAN

Dated: _____        _____
                              JULIE HEDGES

Dated: _____        _____
                              DREAMA HEMBREE

Dated: 6/20/17                _____
                              CANDACE HIDDLESTONE

Dated: _____        _____
                              ETHEL LUNG

Dated: _____        _____
                              SHANE MICHAEL

Dated: _____        _____
                              JONATHAN D. RUBIN

Dated: _____        _____
                              STAVROULA DA SILVA

Dated: _____        _____
                              THE HONEST COMPANY, INC.

                              _____
                              BY: NICK VLAHOS
                              ITS: CHIEF EXECUTIVE OFFICER

Dated: _____        _____
                              AVIVA KELLMAN

Dated: _____        _____
                              JULIE HEDGES

Dated: _____        _____
                              DREAMA HEMBREE

Dated: _____        _____
                              CANDACE HIDDLESTONE

Dated: 6/20/17                 _____
                              ETHEL LUNG

Dated: _____        _____
                              SHANE MICHAEL

Dated: _____        _____
                              JONATHAN D. RUBIN

Dated: _____        _____
                              STAVROULA DA SILVA

Dated: _____        THE HONEST COMPANY, INC.

                              _____
                              BY: NICK VLAHOS
                              ITS: CHIEF EXECUTIVE OFFICER

Exhibit A:     [Proposed] Preliminary Approval and Provisional Class Certification
               Order

Exhibit B:     Long-Form Notice

Exhibit C:     Email Notice

Exhibit D:     U.S. Mail Notice

Exhibit E:     Publication Notice

Exhibit F:     Online Media Notice Plan

Exhibit G:     Claim Form

Exhibit H:     [Proposed] Order Granting Final Approval of Class Settlement

Exhibit I:     Product List

IN WITNESS WHEREOF, the Parties hereto, acting by and through their respective Counsel
of record, have so AGREED.

Dated: _____          ROSE MARCOTRIGIANO

Dated: _____          AVIVA KELLMAN

Dated: _____          JULIE HEDGES

Dated: _____          DREAMA HEMBREE

Dated: _____          CANDACE HIDDLESTONE

Dated: _____          ETHEL LUNG

Dated: 6-22-17 _____          SHANE MICHAEL

Dated: _____          JONATHAN D. RUBIN

Dated: _____          STAVROULA DA SILVA

Settlement Agreement and Release        Page 22 of 23

Dated: _____

AVIVA KELLMAN
_____

Dated: _____

JULIE HEDGES
_____

Dated: _____

DREAMA HEMBREE
_____

Dated: _____

CANDACE HIDDLESTONE
_____

Dated: _____

ETHEL LUNG
_____

Dated: _____

SHANE MICHAEL
_____

Dated: 6/20/17

JONATHAN D. RUBIN
_____

Dated: _____

STAVROULA DA SILVA
_____

Dated: _____

THE HONEST COMPANY, INC.

_____
BY: NICK VLAHOS
ITS: CHIEF EXECUTIVE OFFICER

Dated: _____          _____
                                 AVIVA KELLMAN

Dated: _____          _____
                                 JULIE HEDGES

Dated: _____          _____
                                 DREAMA HEMBREE

Dated: _____          _____
                                 CANDACE HIDDLESTONE

Dated: _____          _____
                                 ETHEL LUNG

Dated: _____          _____
                                 SHANE MICHAEL

Dated: _____          _____
                                 JONATHAN D. RUBIN

Dated: _6/22/17_____          _____
                                 STAVROULA DA SILVA

Dated: _____          THE HONEST COMPANY, INC.

                                 _____
                                 BY: NICK VLAHOS
                                 ITS: CHIEF EXECUTIVE OFFICER

Exhibit G:     Claim Form

Exhibit H:     [Proposed] Order Granting Final Approval of Class Settlement

Exhibit I:     Product List

IN WITNESS WHEREOF, the Parties hereto, acting by and through their respective Counsel of record, have so AGREED.

Dated: _____     _____
                             ROSE MARCOTRIGIANO

Dated: _____     _____
                             AVIVA KELLMAN

Dated: _____     _____
                             JULIE HEDGES

Dated: _____     _____
                             DREAMA HEMBREE

Dated: _____     _____
                             CANDACE HIDDLESTONE

Dated: _____     _____
                             ETHEL LUNG

Dated: _____     _____
                             SHANE MICHAEL

Dated: _____     _____
                             JONATHAN D. RUBIN

Dated: _____     _____
                             STAVROULA DA SILVA

Dated: _____     THE HONEST COMPANY, INC.
                             _____
                             BY: NICK VLAHOS
                             ITS: CHIEF EXECUTIVE OFFICER