USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE HONEST MARKETING LITIGATION,<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Case No. 16-cv-01125<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND PROVISIONAL CLASS CERTIFICATION** |

On _July_ (month) _10_ (day), 2017, this Court heard plaintiffs Rose Marcotrigiano, Aviva Kellman, Julie Hedges, Dreama Hembree, Candace Hiddlestone, Ethel Lung, Shane Michael, Jonathan D. Rubin, and Stavroula Da Silva's ("Plaintiffs") motion for preliminary approval of class settlement and provisional class certification under Rule 23 of the Federal Rules of Civil Procedure. This Court reviewed the motion, including the Settlement Agreement and Release ("Settlement Agreement"). Based on this review and the findings below, the Court found good cause to grant the motion.[1]

**FINDINGS:**

1. The Court hereby preliminarily approves the Settlement Agreement and the terms and conditions of settlement set forth therein, subject to further consideration at the Final Approval Hearing.

2. The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Agreement, and hereby finds that the settlement falls within the range of reasonableness meriting possible final approval. The Court therefore preliminarily approves the proposed settlement as set forth in the Settlement Agreement.

2. The Long-Form Notice, Email Notice, U.S. Mail Notice, Publication Notice, Online Media Notice Plan and Claim Form (attached to the Settlement Agreement), and their manner of transmission, comply with Rule 23 and due process because the notices and forms are

---

[1] Capitalized terms in this Order, unless otherwise defined, have the same definitions as those terms in the Settlement Agreement.

reasonably calculated to adequately apprise class members of (i) the pending lawsuit, (ii) the proposed settlement, and (iii) their rights, including the right to either participate in the settlement, exclude themselves from the settlement, or object to the settlement.

3. For settlement purposes only, the Class is so numerous that joinder of all Class Members is impracticable.

4. For settlement purposes only, Plaintiffs' claims are typical of the Class's claims.

5. For settlement purposes only, there are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class Members.

6. For settlement purposes only, Class Certification is superior to other available methods for the fair and efficient adjudication of the controversy.

7. The Honest Company, Inc. ("Honest") filed a copy of the notice it gave on [Month] [Date], [Year] pursuant to 28 U.S.C. § 1715(b) and the notice complies with the requirements of 28 U.S.C. § 1715(b).

**IT IS ORDERED THAT:**

1. **Settlement Approval.** The Settlement Agreement, including the Long-Form Notice, Email Notice, U.S. Mail Notice, Publication Notice, Online Media Notice Plan, and Claim Form, attached to the Settlement Agreement as Exhibits B-G, are preliminarily approved.

2. **Appointment of the Claims Administrator and the Provision of Class Notice.** The Angeion Group is appointed as the Claims Administrator. Defendant, through the Claims Administrator, will notify Class Members of the settlement in the manner specified under Section 4 of the Settlement Agreement. The costs of the Class Notice, processing of claims, creating and maintaining the Settlement Website, and all other Settlement Administrator and Class Notice expenses shall be paid out of the Maximum Settlement Amount in accordance with the applicable provisions of the Settlement Agreement.

3. **Claim for a Settlement Award.** Class Members who want to receive an award under the Settlement Agreement must accurately complete and deliver a Claim Form to the

Claims Administrator no later than one hundred and five (105) calendar days after the entry of this Order.

4. **Objection to Settlement.** Any Class Member who has not submitted a timely written exclusion request pursuant to Paragraph 6 below and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, must deliver written objections to the Claims Administrator no later than one hundred and five (105) calendar days after the entry of this Order. The delivery date is deemed to be the date the objection is deposited in the U.S. Mail as evidenced by the postmark. It shall be the objector's responsibility to ensure receipt of any objection by the Claims Administrator. Written objections must include: (a) the name and case number of this action ("*In re Honest Marketing Litigation*, S.D.N.Y. Case No. 16-cv-01125"); (b) the full name, address, and email address associated with the Class Member's Honest account (if the Class Member has an Honest account), of the person objecting, and if the Class Member is a retail purchaser, the approximate date, location and seller where the Class Member purchased the Product; and (c) the specific reasons, if any, for each objection, including any legal and factual support the objector wishes to bring to the Court's attention. The objection shall be verified by a declaration under the penalty of perjury or a sworn affidavit regarding the facts supporting the objector's status as a Class Member. Any Class Member who files and serves a written objection, as described in this paragraph, has the option to appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, or to the award of attorneys' fees. However, Class Members (with or without their attorneys) intending to make an appearance at the Fairness Hearing must include on a timely and valid objection a statement substantially similar to "Notice of Intention to Appear." If the objecting Class Member intends to appear at the Fairness Hearing through counsel, he or she must also identify the attorney(s) representing the objector who will appear at the Fairness Hearing and include the attorney(s) name, address, phone number, e-mail address, and the state bar(s) to which counsel is admitted. If the objecting Class Member intends

to request the Court to allow the Class Member to call witnesses at the Fairness Hearing, such request must be made in the Class Member's written brief, which must also contain a list of any such witnesses and a summary of each witness' expected testimony. Only Class Members who submit timely objections including Notices of Intention to Appear may speak at the Fairness Hearing. If a Class Member makes an objection through an attorney, the Class Member will be responsible for his or her personal attorney's fees and costs. The objection will not be valid if it only objects to the lawsuit's appropriateness or merits.

5. **Failure to Object to Settlement.** Class Members who fail to object to the Settlement Agreement in the manner specified above will: (1) be deemed to have waived their right to object to the Settlement Agreement; (2) be foreclosed from objecting (whether by a subsequent objection, intervention, appeal, or any other process) to the Settlement Agreement; and (3) not be entitled to speak at the Fairness Hearing.

6. **Requesting Exclusion.** Class Members may elect not to be part of the Class and not to be bound by this Settlement Agreement. To make this election, Class Members must send a letter or postcard to the Claims Administrator stating: (a) the name and case number of this action ("*In re Honest Marketing Litigation*, S.D.N.Y. Case No 16-cv-01125"); (b) the full name, address, and email address associated with the Class Member's Honest account (if the Class Member has an Honest account); and (c) a statement that he/she does not wish to participate in the Settlement, postmarked no later than one hundred and five (105) calendar days after entry of this Order.

7. **Provisional Certification.** The Class is provisionally certified as a class of all persons residing in the United States who purchased, and did not subsequently return, the Products between January 17, 2012 and the entry of this Order. The term "Products" means those products identified in Exhibit 1 to this Order. Excluded from the Class are companies that purchased the Products at wholesale for resale, Defendant's Counsel, Defendant's officers and directors, and the judge presiding over the Action.

8. **Conditional Appointment of Class Representative and Class Counsel.** Plaintiffs Rose Marcotrigiano, Aviva Kellman, Julie Hedges, Dreama Hembree, Candace Hiddlestone, Ethel Lung, Shane Michael, Jonathan D. Rubin, and Stavroula Da Silva are conditionally certified as the class representatives to implement the Parties' settlement in accordance with the Settlement Agreement. The law firms of Phillips, Erlewine, Given & Carlin LLP, Lockridge Grindal Nauen PLLP, The Richman Law Group, The Golan Firm, Terrell Marshall Law Group PLLC, and Finkelstein Blankinship Frei-Pearson & Garber LLP are conditionally appointed as Co-Lead Settlement Class Counsel. Plaintiffs and Co-Lead Settlement Class Counsel must fairly and adequately protect the Class's interests.

9. **Termination.** If the Settlement Agreement terminates for any reason, the following will occur: (a) Class certification will be automatically vacated; (b) Plaintiffs and their counsel will stop functioning as class representatives and class counsel, except to the extent previously appointed by the Court; and (c) this Action will revert to its previous status in all respects as it existed immediately before the Parties executed the Settlement Agreement. This Order will not waive or otherwise impact the Parties' rights or arguments.

10. **No Admissions.** Nothing in this Order is, or may be construed as, an admission or concession on any point of fact or law by or against any Party.

11. **Stay of Dates and Deadlines.** All discovery and pretrial proceedings and deadlines, are stayed and suspended until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order.

12. **CAFA Notice.** The Court finds that Honest has complied with 28 U.S.C. § 1715(b).

13. **Fairness Hearing.** On _December_ (month) _8_ (day), 2017, at _10:00 a.m._ this Court will hold a Fairness Hearing to determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate. Plaintiffs' motion in support of the Final Order and Judgment and Plaintiffs' motion in support of their counsel's request for attorneys' fees and costs shall be filed on or before fourteen (14) calendar days before the Fairness Hearing.

This Court may order the Fairness Hearing to be postponed, adjourned, or continued. If that occurs, the updated hearing date shall be posted on the Settlement Website but other than the website posting the Parties will not be required to provide any additional notice to Class Members.

**14.** The Parties may further modify the Settlement Agreement prior to the Final Approval Hearing so long as such modifications do not materially change the terms of the settlement provided therein.

**15.** The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the Settlement Agreement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Class Members.

**16.** Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Agreement.

DATED: 10 July 2019

**Victor Marrero**
U.S. DISTRICT COURT JUDGE