UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE HONEST MARKETING LITIGATION | Case No. 16-CV-01125<br><br>**<u>OBJECTION TO</u>**<br>**<u>CLASS SETTLEMENT</u>** |

Class member and objector, Caroline Tucker, purchased several of the Products without return between January 17, 2012 and July 10, 2017 as defined in the settlement website Notice. Objector submitted a claim form. The class administrator has a copy of Objector's claim number and unique class member identifier.

**<u>UNFAIR UNREASONABLE AND INADEQUATE SETTLEMENT</u>**

### I. <u>CY PRES</u>

A district court will approve a class action settlement only if the settlement is "fair, reasonable, and adequate." Fed R. Civ. P. 23(e)(2). The district court meets its "duty to act as a fiduciary who must serve as a guardian of the rights of absent class members and ... the requirement of a searching assessment regarding attorneys' fees that should properly be performed in each case." *In re Bank of Am. Corp. Securities, Derivative, and Employee Ret. Income Sec. Act (ERISA) Litig.*, 772 F.3d 125, 134 (2d Cir. 2014) citing *McDaniel v. Cnty. of Schenectady,* 595 F.3d 411, 419 (2d Cir. 2010).

The settlement is unfair, unreasonable, and inadequate for class members because unclaimed funds will go to the State rather than harmed class members. The Court should order a second distribution to class members before turning the unclaimed

funds to the State. The funds belong to the class members and every effort should be made to keep funds with class members.

Section 8.4 of the settlement agreement states that "Individual checks that have not been negotiated within ninety (90) calendar days after issuance, if any, shall be void, and the underlying funds shall be paid by the Claims Administrator to the unclaimed funds department (or its equivalent) of the State of residence of the Class Member whose check was not cashed." This plan for the unclaimed funds is unfair to class members. The class funds should be distributed to class members until it is infeasible.

"Because the settlement funds are the property of the class, a *cy pres* distribution to a third party of unclaimed settlement funds is permissible '*only* when it is not feasible to make further distributions to class members' .... except where an additional distribution would provide a windfall to class members with *liquidated*-damages claims that were 100 percent satisfied by the initial distribution." *In re BankAmerica Corp. Securities Litig.*, 775 F.3d 1060, 1064 (8th Cir. 2015).

Though the funds are not being distributed to a charity, they are still not going to the class and the logic behind *In re BankAmerica Corp. Securities Litig.* applies. The Court should order an additional distribution to class members until infeasible. Then, when the distribution to class members is infeasible, the funds should go to a cy pres recipient, not the class members' unclaimed funds department. The funds should always be used to benefit the class members and not any other persons or organizations.

## II. FRCP 23 VIOLATION

Next, as of October 16, 2017, the fee motion was not filed with the Court nor posted on the class website. Rule 23(h) that motions for attorneys' fees "must be served on all parties and, for motions by class counsel, directed to class members in a reasonable

manner," so that "[a] class member, or a party from whom payment is sought, may object to the motion." Fed. R. Civ. P. 23(h)(1), (2). Rule 23(h) requires Class Counsel to file their fee motion – and direct it to interested class members – well before the time to opt-out or object. The 2003 Advisory Committee Note to Rule 23(h) emphasizes: "In setting the date objections are due, the court should provide sufficient time after the full fee motion is on file to enable potential objectors to examine the motion."

The Ninth and Seventh Circuits have held that it was an abuse of the district court's discretion to not require class counsel to file its motion prior to the objection and opt-out deadline. The Ninth Circuit "requires a district court to set the deadline for objections to counsel's fee request on a date *after* the motion and documents supporting it have been filed." *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 993 (9th Cir. 2010) (emphasis in original). The Seventh Circuit followed *Mercury Interactive* in *Redman v. RadioShack Corp.* 768 F.3d 622 (7th Cir. 2014) and similarly held that Rule 23(h) requires that a claim for attorneys' fees in a class action be made by motion, and "notice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner." Thus, in order to correct this scheduling error, this Court must extend the deadline for objection and opt-outs to a reasonable time after the fee motion is filed.

This Court should have ordered that the fee motion be filed (and then posted on the class website) at least two weeks prior to the class members' objection and opt-out deadline to provide class members adequate time to review the fee motion before making a decision about to opt-out or object. As the class needs adequate time to review the fee motion, the Court should extend the opt-out and objection deadline until at least two weeks after the fee motion is filed.

## III. EXCESSIVE FEE AWARD

Finally, the requested attorney's fees are extremely high. The Net Settlement Amount is $7,350,000 and the attorney's fees are $2,450,000. Similarly, Class members will only get $2.50 per purchase while the class representative is set to receive upward of $5,000.00. This proportion is out of whack. The fee awards should be more reasonable and proportional. The class members are the ones who were harmed by Defendant's conduct and this settlement will foreclose their ability to file a similar lawsuit. With such low compensation for each product, class members may actually be worse off than if there was not a lawsuit.

Such a disproportionate amount of the settlement going to attorneys and class representative is a sign of an unfair settlement and collusion between the parties. In addition, the Defendant has agreed to not oppose the fee award. Thus, the Court must use heightened scrutiny to review the proposed fee awards and analyze the settlement for collusion.

The attorney's fees should be limited to the lodestar or a more reasonable percentage (10-20%) of the settlement fund instead of 33.33%. One-third of the funds is extremely high for a classic case of a "natural" false advertising case. These lawsuits have become routine, and there is nothing difficult or novel about pursuing them.

Additionally, the fee award should be limited to a percentage of the settlement that it actually received by the class. The money spent on notice or the claims administrator should not be included in this calculation. See *Redman v. RadioShack Corp.*, 768 F.3d 622, 630 (7th Cir. 2014). "The ratio that is relevant to assessing the reasonableness of the attorneys' fee that the parties agreed to is the ratio of (1) the fee to (2) the fee plus what the class members received." *Redman*, 768 F.3d at 630. The Court should apply

*Objection of Caroline Tucker to Class Settlement*
*Case No. 16-CV-01125*
4

this analysis when evaluating the attorney award. The Court should also closely analyze the potential duplicate efforts of counsel and the level of detail provided in the fee motion and adjust the award accordingly. Furthermore, the Court should closely examine the lodestar amount and make sure that the lodestar ratio is 1:1.

For the foregoing reasons, the Court should deny final approval of the settlement. Neither Objector nor I intend to appear at the fairness hearing.

"I declare under penalty of perjury under the laws of the United States of America that the foregoing statements regarding class membership are true and correct to the best of my knowledge."

_____  __10-23-17_____
Caroline Tucker                  Date
2086 Pomona Ave.
Costa Mesa, CA 92627
949-235-9024
Email: carolinetuckerbrooks@gmail.com

      Respectfully submitted,

      STEPHEN D. FIELD, P.A.

Dated: October 23, 2017  By:  */s/ Stephen D. Field*
      Hialeah, FL
                             STEPHEN D'OENCH FIELD, ESQ.
                             Florida Bar No. 554111
                             Email: steve@field-law.com
                             102 E 49th Street
                             Hialeah, FL 33013
                             Tel: 305-698-3421
                             Fax: 305-698-1930
                             Direct Line: 305-798-1335
                             *Attorney for Caroline Tucker, Objector*
                             *Motion for Admission Pro Hac Vice Pending*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was filed electronically via CM/ECF on October 23, 2017 and served by the same means on all counsel of record.

By:    /s/ Stephen D. Field