UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/8/17

| | |
|---|---|
| IN RE: HONEST MARKETING LITIGATION, <br><br> THIS DOCUMENT RELATES TO: ALL ACTIONS | Case No. 16-cv-01125 <br><br> **ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT** |

On December 8, 2007, this Court heard plaintiffs Rose Marcotrigiano, Aviva Kellman, Julie Hedges, Dreama Hembree, Candace Hiddlestone, Ethel Lung, Shane Michael, Jonathan D. Rubin, and Stavroula Da Silva's ("Plaintiffs") motion for final approval of the class action settlement. This Court reviewed: (a) the motion and the supporting papers, including, the Settlement Agreement and Release ("Settlement Agreement");[1] (b) the objections filed with or presented to the Court; (c) the parties' responses to any objections; and (d) counsel's arguments. Based on this review and the findings below, the Court found good cause to grant the motion.

**FINDINGS:**

1. Upon review of the record, the Court hereby finds that the Settlement Agreement is, in all respects, fair, adequate, and reasonable, and therefore approves it. Among other matters considered, the Court took into account: (a) the complexity of Plaintiffs' theory of liability; (b) the arguments raised by The Honest Company, Inc. ("Honest") in its pleadings that could potentially preclude or reduce the recovery by Class Members; (c) delays in any award to the Class that would occur due to further litigation and appellate proceedings; (d) the amount of discovery that has occurred; (e) the relief provided to the Class; (f) the recommendation of the Settlement Agreement by counsel for the Parties; and (g) the low number of objectors to the

---

[1] Capitalized terms in this Order, unless otherwise defined, have the same definitions as those terms in the Settlement Agreement.

{00289186 2}  1

Settlement Agreement, demonstrating that the Class has a positive reaction to the proposed settlement.

**2.** The Court also finds that extensive arm's-length negotiations have taken place, in good faith, between Co-Lead Settlement Class Counsel and Honest's Counsel resulting in the Settlement Agreement. These negotiations were presided over by experienced mediators.

**3.** The Settlement Agreement provides substantial value to the class in the form of cash and Settlement Credits.

**4.** The appropriate state and federal officials were timely notified of the Settlement Agreement under the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1715 and that ninety (90) days have passed without comment or objection from any government entity.

**5.** Notice was also provided to Class Members in compliance with Section 4 of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure. The notice: (i) fully and accurately informed Class Members about the lawsuit and settlement; (ii) provided sufficient information so that Class Members could decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the settlement; (iii) provided procedures for Class Members to file written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; and (iv) provided the time, date, and place of the final fairness hearing.

**6.** The Parties adequately performed their obligations under the Settlement Agreement.

**7.** At the hearing on December 8, 2017, the Parties and all objectors, namely, Kathryn A. Wernow, Caroline Tucker, and Monica Aufrecht, were afforded the opportunity to be heard in support of or in opposition to the Settlement.

**8.** The Court has read and considered the objections of Ms. Wernow, Ms. Tucker, and Ms. Aufrecht.

**9.** Having carefully considered the objections of Ms. Wernow, Ms. Tucker, and Ms. Aufrecht, the Court overrules their objections on the merits and in their entirety for the following reasons: (i) the changes in Honest's practices required by the Settlement Agreement are fair and appropriate under the circumstances and adequately address the issues raised in this Action; (ii) the claims process, as approved by the Court, is fair and reasonable; (iii) the objectors have more than sufficient time to review and object to Class Counsel's fee request; (iv) the payment structure to Class members is fair and appropriate; (v) the $5,000 incentive awards are fair and reasonable and in accordance with awards approved by the Second Circuit; (vi) Class Counsel's fee request and method of calculation are in accordance with the law and practice of the Second Circuit; (vii) Class Counsel was extremely diligent in pursuing the best possible outcome for the Class; (viii) the proposed residual payment scheme is reasonable and appropriate; and (ix) Ms. Aufrecht's objection should be overruled because it is not an objection to the Settlement, but a statement of disagreement with the basis for the lawsuit. In addition, the objection from Ms. Wernow to Honest's trademarks is both procedurally and substantively flawed. The trademarks cannot be challenged as part of an objection to this class action settlement. Furthermore, Ms. Wernow has not provided this Court with any basis on the merits to support her requested cancellation of the subject marks. In addition, Ms. Tucker and her attorney, Stephen D. Field, are serial professional objectors to class settlements. Ms. Tucker's attorney raised many of the same objections in *Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*, where the Court overruled the objections and noted that the objectors were "serial professional objectors to class settlements, raising serious concerns about the legitimacy of both their arguments and their

motives." *Johnson & Johnson*, No. 13-0373 (S.D.N.Y. Nov. 1, 2017), Dkt. No. 132 (Order & Judgment) at 6, ¶ 13.

10. For the reasons stated in the Preliminary Approval of Class Settlement and Provisional Class Certification Order, and having found nothing in any submitted objections that would disturb these previous findings, this Court finds and determines that the proposed Class, as defined below, meet all of the legal requirements for class certification, for settlement purposes only, under Federal Rule of Civil Procedure 23 (a) and (b)(3).

11. An award of $ 2,450,000 (total) in attorneys' fees and costs to Plaintiffs' Counsel is fair and reasonable in light of the nature of this case, Class Counsel's experience and efforts in prosecuting this Action, and the benefits obtained for the Class.

12. An individual settlement award to plaintiffs Rose Marcotrigiano, Aviva Kellman, Julie Hedges, Dreama Hembree, Candace Hiddlestone, Ethel Lung, Shane Michael, Jonathan D. Rubin, and Stavroula Da Silva of $5,000 (each) is fair and reasonable in light of: (a) Plaintiffs' risks (including financial, professional, and emotional) in commencing this action as the Class representatives; (b) the time and effort spent by Plaintiffs in litigating this action as the Class representatives; and (c) Plaintiffs' public interest service.

**IT IS ORDERED THAT:**

13. **Class Members.** The Class Members are defined as: "All persons residing in the United States who purchased, and did not subsequently return, the Products between January 17, 2012 and July 10, 2017." The term "Products" means those items listed in Exhibit I (Dkt. No. 50-10) to the Settlement Agreement (Dkt. No. 59-1). Excluded from the Class are companies that purchased the Products at wholesale for resale, Defendant's Counsel, Defendant's officers and directors, and the judge presiding over the Action.

14. **Binding Effect of Order.** This order applies to all claims or causes of action settled under the Settlement Agreement, and binds all Class Members, including those who did not properly request exclusion under paragraph 6 of the Preliminary Approval of Class Settlement and Provisional Class Certification Order. This order does not bind persons who filed timely and valid requests for exclusion. All persons who properly requested to be excluded from the settlement are identified in Exhibit G1 (Dkt. No. 92-7) to the Declaration of Settlement Administrator Denise L. Earle (Dkt. No. 92).

15. **Release.** Plaintiffs and all Class Members who did not properly request exclusion are: (1) deemed to have released and discharged Honest from all claims arising out of or asserted in this Action and claims released under the Settlement Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims. The full terms of the release described in this paragraph are set forth in Sections 2.5 and 2.6 of the Settlement Agreement and are specifically incorporated herein by this reference.

16. **Class Relief.** The Claims Administrator and Honest are directed to issue Settlement Credits or checks to each Class Member who submitted a valid and timely Claim Form (*i.e.*, each Authorized Claimant) according to the terms and timeline stated in the Settlement Agreement.

17. **Class Representatives.** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiffs Rose Marcotrigiano, Aviva Kellman, Julie Hedges, Dreama Hembree, Candace Hiddlestone, Ethel Lung, Shane Michael, Jonathan D. Rubin, and Stavroula Da Silva are certified as the Class Representatives.

**18. Co-Lead Settlement Class Counsel.** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Nicholas A. Carlin (Phillips, Erlewine, Given & Carlin LLP), Robert K. Shlquist (Lockridge Grindal Nauen PLLP), Kim Richman (The Richman Law Group), Yvette Golan (The Golan Firm), Beth Terrell (Terrell Marshall Law Group PLLC), and Todd Garber (Finkelstein Blankinship Frei-Pearson & Garber LLP), are certified as Co-Lead Settlement Class Counsel.

**19. Attorneys' Fees and Costs.** Plaintiffs' Counsel (Phillips, Erlewine & Given LLP, The Law Offices of Leonard Simon, Lockridge Grindal Nauen PLLP, Law Offices of Jon W. Borderud, Cuneo Gilbert & LaDuca, LLP, Hudson Mallaney Shindler & Anderson, The Richman Law Group, Finkelstein Blankinship Frei-Pearson & Garber LLP, the Terrell Marshall Law Group and The Golan Firm) are awarded $2,450,000 (total) in fees and costs. Payment shall be made pursuant to the manner and timeline stated in Section 8 of the Settlement Agreement.

**20. Individual Settlement Award.** Plaintiffs Rose Marcotrigiano, Aviva Kellman, Julie Hedges, Dreama Hembree, Candace Hiddlestone, Ethel Lung, Shane Michael, Jonathan D. Rubin, and Stavroula Da Silva are awarded $5,000 (each) as an individual settlement award. Payment shall be made pursuant to the manner and timeline stated in Section 8 of the Settlement Agreement.

**21. Claims Administrator Costs.** The Claims Administrator shall be reimbursed for reasonable costs incurred in providing Notice to the Class and administering the Settlement.

**22. Miscellaneous.** No person or entity shall have any claim against Honest, Honest's counsel, Plaintiffs, the Class Members, Plaintiffs' Counsel or any Claims Administrator based on distributions and payments made in accordance with the Agreement.

**23. Court's Jurisdiction.** Pursuant to the Parties' request, the Court will retain jurisdiction over this action and the parties until final performance of the Settlement Agreement.

DATED: 8 December 2017

_____
Victor Marrero
U.S. DISTRICT COURT JUDGE

# FBFG | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP

Andrew G. Finkelstein, P.C. (NY & NJ) * George A. Kohl, II (NY & MA)    Elizabeth A. Wolff (NY & MA)                           Antonio S. Grillo (NY & NJ)     Robin N. D'Amore (NY)
D. Greg Blankinship (NY & MA)           Andrew L. Spitz (NY)             Christine Khalili-Borna Clemens (NY & CA) Narine Galoyan (NY)           Nicole Murphy (NY)
Jeremiah Frei-Pearson (NY)              Elyssa M. Fried-DeRosa (NY)      Brian D. Acard (NY)                       Jonathan Minkove (NJ & MD)   Rodrigo Arcuri (NY)
Todd S. Garber (NY & CT)                James W. Shuttleworth, III (NY)  Vincent J. Pastore ( NY & NJ )            Levi Glick (NY & NJ)          Kevin D. Burgess (NY)
                                        David E. Gross (NY & NJ) *       Amber L. Camio (NY)                       Vincent J. Rossillo (NY)      Yola Ghaleb (NY)
Bradley Silverman (NY)                  Mary Ellen Wright, R.N. (NY) *   Christopher R. Camastro (NY & NJ)         Pamela Thomas (NY & CT)      Robert Seidner (NY)
Antonino B. Roman (NY)                  Kenneth B. Fromson (NY, NJ & PA) * Jeffrey Brody (NY)                      Donald A. Crouch (NY & CT)    Charlemagne Yawn (NY)
John Sardesai-Grant (NY)                Nancy Y. Morgan (NY, NJ & PA)    Cynthia M. Maurer (NY & NJ)               Karen O'Brien (NY)            Marvin Anderman, P.C. (NY)
Andrew White (NY)                       Lawrence D. Lissauer (NY)        Michael Feldman (NY & NJ) *               David Stauber (NY)            Frank R. Massaro (NY)
Chantal Khalil (NY)                     Victoria Lieb Lightcap (NY & MA) * Raye D. Futerfas (NJ)                   Jennifer Safier (NY & NJ)     Kenneth G. Bartlett (CT & NJ)
*Of Counsel*                            Ann R. Johnson (NY & CT)         Linda Armatti-Epstein (NY)                Thomas P. Welch (NY)
Duncan W. Clark (NY)                    Marshall P. Richer (NY)          David Akerib (NY)                         Annie Ma (NY & NJ)
George M. Levy (NY)                     Edward M. Steves (NY)            Frances M. Bova, R.N. (NY & NJ)           Howard S. Lipman (NY)
Robert J. Camera (NY & NJ)              Kara L. Campbell (NY, NJ, CT)    Gustavo W. Alzugaray (NY)                 Noreen Tuller, R.N. (NY)
Joseph P. Rones (NY)                    Marie M. DuSault (NY)            Sharon A. Scanlan (NY & CT)               Cristina L. Dulay (NY & NJ)
Ronald Rosenkranz (NY) *                Melody A. Gregory (NY & CT)      Marc S. Becker (NY)                       Justin M. Cinnamon (NY & CT)  * The Neurolaw Trial Group

December 4, 2017

**By Overnight Mail**

Honorable Victor Marrero
U.S. Courthouse Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *In re: Honest Marketing Litigation*, No. 7:16-cv-01125 (VM)

Dear Judge Marrero:

We represent Plaintiffs in the above-referenced action. At the request of Your Honor's chambers, attached please find the Parties' Proposed Order Granting Final Approval of Class Settlement. A word version is simultaneously being submitted by email to the orders and judgments clerk.

Respectfully submitted,

Todd S. Garber

cc:   Counsel of Record (By Email)
      Monica Aufrecht (By Overnight Mail)



RECEIVED
DEC 4 2017
CHAMBERS OF
JUDGE MARRERO

{00289314 }    Newburgh • Albany • Binghamton • Kingston • Middletown • Newark • Port Jervis • Poughkeepsie • Spring Valley • Syracuse • White Plains

1279 ROUTE 300, PO BOX 1111          Phone: (914) 298-3281    Fax: (845) 562-3492          445 HAMILTON AVE, SUITE 605
NEWBURGH, NY 12551                              www.fbfglaw.com                             WHITE PLAINS, NY 10601